**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                    Case No. 4:12-cr-00143-Dft. Nos. 1, 3–5-KGB

BRENDA S. LAWS;
JAMEEL L. LAWS;
LAREKA S. LAWS;
MILTON L. LAWS, JR.                                                                     DEFENDANTS

**ORDER**

On January 27, 2014, the Court conducted a pretrial conference with counsel for the government, defendants Brenda S. Laws, Jameel L. Laws, Lareka S. Laws, and Milton L. Laws, and counsel for defendants. The Court made the following rulings and addressed the following matters:

1. Defendants are satisfied with the arrangement of the tables in the courtroom.

2. Each defendant waives his or her right to be present at any bench conference that might arise during the trial.

3. Parties and the Court discussed how personal information related to the witnesses will be handled during the trial, given the Court's admonition that efforts be made to redact such information from publicly available information and documents related to trial. The government's position is that the information it anticipates presenting on the record is not "personal information related to the witnesses" because the addresses and bank accounts likely to be discussed are not owned by the witnesses. The Court directs that information related to the addresses and bank accounts may be read into the record and referred to during questioning of parties and witnesses; directs that personal information related to the witnesses may be shown to the Court, counsel, witness, and the jury but will not be displayed through courtroom monitors to

the public; and that the addresses, bank accounts, and any personal information related to the witnesses will be addressed in exhibits by agreed-upon or Court-ordered redactions to a set of exhibits to be made public and an unredacted set of exhibits to be filed under seal with the Clerk.

4. The government anticipates it will take one and a half weeks to present its proof. Counsel for defendants anticipate the total length of trial to be three weeks.

5. The Court will seat a 12-person jury with 5 alternates. Defendants will be permitted 14 preemptory strikes to the 12-person panel and three strikes to the alternate-panel. The government will be permitted 6 preemptory strikes to the 12-person panel and three strikes to the alternate-panel.

6. Parties agree to the proposed summary of the indictment.

7. The Court reviewed with counsel an anticipated schedule for trial, with the understanding that the schedule may be modified as the need arises during the course of trial based on juror schedules and counsels' schedules, requests for recesses, and other matters.

8. Defense counsel is not willing, and is not required, to disclose the names of any potential witnesses to be read to the panel during *voir dire*.

9. Parties agree not to permit jurors to ask questions

10. Defendants propose, and the government does not object, to the following order of questioning by defense counsel: Christophe A. Tarver, Jerome Edward Larkowski, Sara F. Merritt, and J. Brooks Wiggins on behalf of their respective clients.

11. Defendants are not stipulating to any exhibits prior to trial. Counsel will raise objections as evidence is introduced and offered during the course of trial.

12. The Court's practice is to instruct before closing and to send an agreed-upon, admitted set of exhibits and one set of instructions to the jury room during deliberation.

SO ORDERED this 27th day of January, 2014.

_____
Kristine G. Baker
United States District Judge