# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                      Case No. 4:12-cr-00143-Dft. No. 5-KGB

MILTON L. LAWS, JR.                                                                   DEFENDANT

## ORDER

Before the Court is the United States' Motion to Reconsider Suppression of Defendant Milton Laws, Jr.'s Statement and Brief in Support (Dkt. No. 184), to which defendant Milton L. Laws, Jr., has responded (Dkt. No. 185). The Court also heard oral argument and response from counsel on this motion during trial proceedings February 3, 2014.

The Court retains discretion to reopen the record on the motion to suppress. *United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008). However, the Court is aware of no Eighth Circuit precedent addressing the standard to use in determining whether to reopen the suppression hearing, and neither counsel for the government or for Milton Laws, Jr., have cited controlling precedent regarding the applicable standard. The Court notes that the other circuit courts that have addressed this issue have used one of two standards.

The Eleventh Circuit and the D.C. Circuit require "the government to proffer a justification for its failure to present the relevant evidence at the original suppression hearing when the government has moved for reconsideration of a suppression order on the ground that it can introduce new evidence intended to show that no Fourth Amendment violation occurred." *United States v. Hayden*, 2013 WL 686497, *6 (E.D. Mo. Jan. 31, 2013), *report and recommendation adopted*, 2013 WL 686781 (E.D. Mo. Feb. 26, 2013) (citing *United States v. Villabona–Garnica*, 63 F.3d 1051, 1055 (11th Cir. 1995) ("By failing to raise an issue at a

suppression hearing without offering any justification therefor, the government waives its right to assert it in subsequent proceedings." (quoting *United States v. Thompson*, 710 F.2d 1500, 1504 (11th Cir.1983)) (internal quotations omitted)); *McRae v. United States*, 420 F.2d 1283, 1286–88 (D.C.Cir. 1969)).

The government has neither met this burden nor attempted to meet this burden. In fact, two of the witnesses or potential witnesses identified in the government's motion as individuals with information or testimony relevant to the suppression issue are agents of the United States government. The other potential witnesses as identified in the government's motion are local law enforcement officials it refused on the record to subpoena for the second day of the suppression hearing, January 31, 2014, when requested by defendant Milton L. Laws, Jr., to do so.

In contrast to the approach adopted by the Eleventh Circuit and the D.C. Circuit, the Fifth Circuit, Seventh Circuit, and Ninth Circuit, "citing a policy in favor of introduction of lawfully obtained evidence," has "declined to impose such a justification requirement." *Hayden*, 2013 WL 686497 at *6 (citing *United States v. Rabb*, 752 F.2d 1320, 1323 (9th Cir. 1984) ("We reject *McRae*'s 'justification' requirement and adopt the Fifth and Seventh Circuits' position: if the record reveals matters which indicate that the evidence was lawfully obtained, the district court may reconsider its suppression order at trial."), *abrogated on other grounds by United States v. Franco-Beltran,* 229 Fed. App'x. 592, 594 n.1 (9th Cir. 2007); *United States v. Regilio*, 669 F.2d 1169, 1177 (7th Cir. 1981) ("If matters appearing [after the original suppression decision] indicate that no constitutional violation occurred, society's interest in admitting all relevant evidence militates strongly in favor of permitting reconsideration."); *United States v. Scott,* 524 F.2d 465, 467 (5th Cir. 1975)).

Because the Eighth Circuit has not addressed which of these two standards to use, this Court, in the interests of justice and given the procedural posture in which the suppression issues were raised in this case, will reopen the hearing on the motion to suppress Milton Laws, Jr.'s, statements to Internal Revenue Service ("IRS") agents who executed a search warrant at the home of his mother, Brenda Laws. Both the government and Milton Laws, Jr., will be permitted to call witnesses, present evidence, and make arguments. The Court will take up these matters at 1:00 p.m. on Tuesday, February 4, 2014, unless this schedule is modified by further order of the Court.

SO ORDERED this 3rd day of February, 2014.

_____
Kristine G. Baker
United States District Judge